# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEARL LEE JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7613-EEF-SS** |
| **ALLSTATE INSURANCE COMPANY** | |

## REPORT AND RECOMMENDATION

On March 25, 2009, the plaintiff, Pearl Lee Johnson, filed a motion for summary judgment. Rec. doc. 29. The motion was referred to the Magistrate Judge. Rec. doc. 31. The hearing on the motion was continued to be reset. Rec. doc. 32. The defendant, Allstate Insurance Company ("Allstate"), was ordered to conduct an inspection of the property and take the deposition of Ms. Johnson. Rec. docs. 27, 47 and 53. After this discovery was completed, there were attempts at settlement. Rec. docs. 57 and 58. The parties were unable to reach agreement on a settlement. The pretrial conference is set for March 24, 2010, and the trial is set for April 15, 2010. Rec. doc. 60. On February 8, 2010, Allstate filed a motion for summary judgment. Rec. doc. 66. The District Judge denied the motion and stated:

> The Court finds that issues of material fact remain as to whether the damage caused to Plaintiff's property during Hurricane Katrina was due to flood or wind and rain damage. While the Court recognizes that Plaintiff has a very high hurdle in proving that flood damage was not the sole cause of her property and contents loss, the source of the damage is a question of fact appropriate for trial.

Rec. doc. 82. For the same reasons, Ms. Johnson's motion for summary judgment must be denied.

## RECOMMENDATION

IT IS RECOMMENDED that Ms. Johnson's motion for summary judgment (Rec. doc. 29) be DENIED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 11th day of March, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**